UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-250-H

ATLANTIC MUTUAL INSURANCE CO.                                                         PLAINTIFF

V.

MICHAEL YATES                                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

On March 9, 2010, this Court entered a Memorandum Opinion (DN 49) and an Order (DN 50) granting summary judgment in favor of Plaintiff, Atlantic Mutual Insurance Co. Plaintiff had paid Defendant, its insured Michael Yates, $500,000.00 in uninsured motorist ("UM") coverage for his injuries resulting from a serious automobile accident and sought a declaration that no further funds were available under his policy. Defendant argued that over $1,000,000.00 in additional coverage should be provided for a variety of reasons. The Court specifically considered and rejected Defendant's primary arguments. However, the Court did not address one argument in its Memorandum Opinion, believing that it was unnecessary. Defendant now moves to alter, amend or vacate the Memorandum Opinion and the Order based on that unaddressed argument. For the reasons that follow, the Court will deny the motion.

The facts of this case can be found in the Court's previous Memorandum Opinion. As the Court explained, Defendant purchased a multi-faceted insurance policy from Plaintiff. The policy unambiguously stated that only $500,000.00 of UM coverage was available and Defendant only paid premiums for $500,000.00 of coverage. The policy also included a $1,000,000.00 umbrella provision, which covered other incidents but specifically and

1

unambiguously did not cover uninsured motorist claims. Despite the plain language of the policy and Defendant's admission that he only paid for $500,000.00 of UM coverage, he now contends that he was entitled to $1,000,000.00 of UM coverage under the umbrella provision. He argues that UM coverage is available under the umbrella provision based on a statement contained in one of Plaintiff's internal rules and regulation manuals, which states:

> Increased limits may be afforded but not in excess of the Liability limits of the policy. If uninsured motorist coverage is purchased at limits less than the maximum limits available, the named insured shall be notified upon the initial renewal of the policy of the availability of higher limits.

Defendant argues that because he was not notified of the availability of higher limits upon renewal of his policy, he is entitled to the full $1,000,000.00 in additional coverage.

Defendant cites no legal authority for the proposition that an insurance company's internal rules manual's notification requirements is a justification for providing coverage that undisputedly was not negotiated for, paid for or even reasonably expected by the insured. Rather, Kentucky requires UM coverage where it is not paid for in only two circumstances: (1) where no UM coverage was provided under the policy and such coverage was not rejected in writing by the insured, *see Meridian Mutual Insurance Co. v. Siddons*, 451 S.W.2d 831, 833 (Ky. 1970); and (2) where the insured had a reasonable expectation that his UM benefits were stackable, *see James v. James*, 25 S.W.3d 110, 112 (Ky. 2000). Here, Plaintiff clearly provided more than the statutory minimum level of UM coverage and the unambiguous language of the umbrella provision clearly shows that Defendant could not have had a reasonable expectation of additional UM coverage. Internal policies and manuals have no impact on the expectations of

the insured and, therefore, do not create a basis for additional coverage.[1]

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Alter, Amend or Vacate is DENIED.

This is a final and appealable order.

cc: Counsel of Record

---

[1] Plaintiff also argues that the manual cited by Defendant was not in effect when his policy was renewed and that the previous manual did not require notification of the availability of higher limits. Therefore, even if an internal manual could effect UM coverage, this manual cannot create the basis for Defendant's claims. Defendant counters that the previous manual stated that UM coverage is "stackable." Therefore, under either manual, Defendant argues that additional coverage is available. Because the Court finds that the manual does not create any additional liability for UM coverage, it need not resolve this dispute.